THOMAS McCORMICK *v.* THE HUDSON RIVER RAILROAD COMPANY.

Where a passenger purchased, in Chicago, a "through ticket" for New York, consisting of four coupons, to be separated and delivered up on demand, three thereof at points between Chicago and Albany, and the fourth after leaving the latter place; *held,* that the railroad company owning the last route of the journey, from Albany to New York, were liable for the loss of a trunk, the passenger having received their check upon surrendering such trunk and a carpet bag at Buffalo, and they having delivered a part of said baggage at New York.

A passenger on a railroad may place in his trunk his gold watch and such other articles of jewelry as he ordinarily wears about his person, and the carrier is not, as matter of law, exempt from liability therefor, in case the trunk and its contents are lost. WOODRUFF, J., *dissenting.*

ACTION against the defendants as passenger carriers, for the loss of a trunk and its contents. The Marine Court awarded judgment for the plaintiff, upon the case stated by DALY, J. Among the articles assessed in making up the amount of the recovery in the court below, were a gold watch and chain, and certain finger rings, all of which the plaintiff had deposited in the trunk in question.

*Calvin Noyes,* for the defendants.

*John D. MacGregor,* for the plaintiff.

DALY, J.—The assignor purchased a ticket at Chicago, for his transportation to New York. It was what is called a through ticket, or coupons, that is, there were four tickets upon one piece of paper, so arranged as to admit of each ticket being cut off and delivered up when demanded at different points along the route. Three of the parts of the coupons were delivered between Chicago and Albany, and the fourth part was received by the defendant, for his transportation from Albany to New York. At Buffalo he de-

livered up his baggage, consisting of a trunk and a carpet bag, for which he received one of the defendants' checks. The bag came safely, and was delivered up to him by the defendants, in New York, but the trunk could not be found.

This was sufficient to entitle the plaintiff to recover. The ticket which McCormick received in Chicago, passed him over the defendants' road; and that they took charge of his baggage at Buffalo, appears by their delivering their check for it, and by their transporting a part of it safely to New York. The justice was justified in assuming that the ticket sold McCormick in Chicago was sold by the defendants, or their agents, and that they or their agents took charge of the baggage in Buffalo.

A gold watch is an article of wearing apparel, and when not carried about the person, but in a trunk while travelling, is to be deemed baggage. (See *Grant* v. *Newton*, 1 E. D. Smith, 95.)

WOODRUFF, J.—I concur with Judge DALY in the opinion, that the liability of the defendants was sufficiently established, but must dissent from his conclusion that their liability extended to the loss of the plaintiff's watch and chain, and finger rings. The liability of carriers has often been declared to extend only to " ordinary baggage." To extend it to the traveller's watch and chain and finger rings, assumes that such articles are usually carried in his trunk; while, on the contrary, they are ordinarily carried upon the person, and so notoriously, if not universally, thus carried, that (in the absence of any proof on the subject in the case presented) in my opinion they can no more be termed baggage than could any description of goods which, in a particular instance, a traveller might place in his trunk. The case of *Grant* v. *Newton*, 1 E. D. Smith, 98, I think, as well as the cases there cited, requires us to deduct from the judgment the amount of those articles, $78 50, and affirm the judgment for the residue, without costs on appeal.

INGRAHAM, FIRST J.—I do not feel willing to decide as matter of law that a traveller may not put his watch, or other articles usually worn about his person, into his trunk while travelling, and claim the protection for them which the law gives him for his ordinary baggage. It is true that a watch, or a ring, if worn, is so used about the person, but there may be times, and especially in travelling, that the traveller may prefer to keep them in his trunk. They are, I think, entitled to be treated in the same way as a snuff box, or other articles necessary for his comfort, though not intended for clothing.

The case of *Grant* v. *Newton*, 1 E. D. Smith, 95, does not conflict with these views. There, we held that in such cases we would leave it to the jury to decide whether they were such articles as the traveller ought to carry in his trunk.

In this case, the court below, acting as the jury, has found for the plaintiff, and I do not feel authorized to interfere with the finding.

Judgment affirmed, with costs.